UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SYLVESTER HATCHER, | } |
| Plaintiff, | } } } |
| v. | } Case No.: 2:16-cv-01362-RDP |
| SERVIS FIRST BANK, | } } } |
| Defendant. | } |

**MEMORANDUM OPINION**

**I.     Introduction**

This case is before the court on Defendant's Motion to Dismiss Amended Complaint. (Doc. # 27). The parties have fully briefed the motion. (Docs. # 30, 32). In this case, Plaintiff alleges that Defendant discriminated against him by providing him bad service while cashing a check and requiring him to travel to three bank branches in order to receive the full sum owed to him. After careful review, and for the reasons stated below, Plaintiff's Amended Complaint (Doc. # 18) is due to be dismissed for lack of subject matter jurisdiction and for failure to state a claim.

**II.    Procedural History and Allegations in the Amended Complaint**

In his amended complaint, Plaintiff seeks monetary relief for Defendant's alleged discrimination against him. (Doc. # 18 at 1). Defendant argues in its motion to dismiss that (1) the court lacks subject matter jurisdiction over Plaintiff's claim, (2) Plaintiff has failed to submit a complaint that complies with Federal Rule of Civil Procedure 8(a), and (3) Plaintiff's amended complaint fails to state a claim upon which relief can be granted. (Doc. # 27). "A Rule

12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true." *Mays v. U.S. Postal Serv.*, 928 F. Supp. 1552, 1557-58 (M.D. Ala. 1996). A Rule 12(b)(1) motion questions the court's subject matter jurisdiction over the action and can include a facial challenge or a factual challenge to jurisdiction. *McElmurray v. Consol. Government of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). A facial attack to subject matter jurisdiction only requires the court to look at a complaint and any attached exhibits and determine whether a plaintiff has alleged a basis for the court's subject matter jurisdiction. *Id.* When reviewing a facial attack to subject matter jurisdiction, a court takes the complaint's allegations as true. *Id.*

Thus, for the purpose of resolving Defendant's motion to dismiss, the court treats the following facts alleged in the complaint as true and liberally construes the complaint in Plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, for purposes of this motion, the court considers the evidence filed by Plaintiff on the same day as the amended complaint to be exhibits to the amended complaint. *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) ("A complaint is also deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." (internal quotation marks and brackets omitted)).

In October 2015, Plaintiff received a check for $12,828 from the Mezrano Law Firm that was payable by Defendant from the firm's trust account. (Doc. # 19 at 2). A lawyer at the firm contacted Defendant and informed an unidentified employee that Plaintiff would be coming to the bank to cash the check. (Doc. # 18 at 1). But, Defendant did not transfer the full amount

owed to Plaintiff at the first branch he visited, and Plaintiff had to visit three bank branches in order to receive the full sum. (*Id.*). Defendant paid Plaintiff $6,828.00 at one branch and $2,828.00 at another branch. (Doc. # 19 at 2-3). Plaintiff alleges in the amended complaint that Defendant discriminated against him because of his race and provided him bad service. (Doc. # 18 at 1). He requests $300,000 in monetary damages. (*Id.*).

Plaintiff's amended complaint asserts two grounds for the court's subject matter jurisdiction over this action. First, Plaintiff claims that this action is a race discrimination suit brought under the Civil Rights Act of 1964. (*Id.*). Second, Plaintiff claims that the court has subject matter jurisdiction because Defendant is a bank that is insured by the Federal Deposit Insurance Corporation ("FDIC"). (*Id.*).

**III.    Standard of Review**

The Federal Rules of Civil Procedure require a plaintiff to present a short and plain statement of the grounds for the court's jurisdiction. Fed. R. Civ. P. 8(a)(1). Among other grounds, a federal court has federal question jurisdiction over colorable claims that arise under the Constitution or the laws of the United States. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Indeed, "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (emphasis omitted). Rather, "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id.* (quoting *Oneida Indian Nation of N.Y. v. Cnty. of Oneida*, 414 U.S. 661, 666 (1974)).

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. International Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. Appx. 136, 138 (11th Cir. 2011) (unpublished) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283,

1290 (11th Cir. 2010)).  That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct."  *Iqbal*, 556 U.S. at 679.  If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed.  *Twombly*, 550 U.S. at 570.

**IV.   Analysis**

In its motion to dismiss, Defendant first argues that the court lacks subject matter jurisdiction because (1) Plaintiff's invocation of the Civil Rights Act as a basis for federal question jurisdiction "is wholly insubstantial and frivolous," and (2) Plaintiff refers to no federal regulations that prohibit a federally-insured bank from providing bad service to non-account holders.  (Doc. # 27 at 2-3).  Second, Defendant contends that Plaintiff has failed to plead a claim for relief because his amended complaint presents no plausible allegation of unlawful discrimination.  (*See id.* at 4-5).  After careful review, the court agrees with Defendant as to both arguments.

    **A.   Plaintiff's Amended Complaint Presents Insubstantial and Implausible Claims Under Federal Law that Fail to Support This Court's Subject Matter Jurisdiction**

Plaintiff's amended complaint points to (1) the Civil Rights Act of 1964 and (2) the bank's status as a federally-insured entity as bases for this court's federal question jurisdiction. (*See* Doc. # 18 at 1).  But, since the complaint proffers conclusory and facially insufficient allegations of discriminatory conduct, the court finds that the amended complaint's claim is so insubstantial, implausible, and devoid of merit that it fails to present a federal question.  *Cf. Steel Co.*, 523 U.S. at 89.

Plaintiff's discrimination charge fails to establish a colorable claim that Defendant violated any provision of the Civil Rights Act of 1964.  First, Plaintiff cannot sue Defendant for violating Title VII of the Civil Rights Act because he has not alleged that Defendant employed him when the alleged discrimination occurred.[1]  *See Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1242 (11th Cir. 1998) (asserting that "only those plaintiffs who are employees may bring a Title VII suit" (internal quotation marks omitted)).  Second, he cannot sue Defendant for violating Title II of the Civil Rights Act.  This is because Title II only prohibits discrimination on the basis of race or color in "place[s] of public accommodation," and banks are not included in Title II's comprehensive list of public accommodations.[2]  42 U.S.C. § 2000a(a)-(b).  *See also Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 431 (4th Cir. 2006) (holding that the comprehensive list of public accommodations in § 2000a(b) "excludes from its coverage those categories of establishments not listed"); *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 959 (N.D. Tex. 2013) (holding that a bank is not a place of public accommodation under Title II).

Third, although Plaintiff asserts that Defendant is regulated by a federal entity (*see* Doc. # 18 at 2), he has not presented a colorable claim under 42 U.S.C. § 1983 because he has not averred that Defendant acted under the color of state law when cashing (or failing to cash) his check.  As an initial matter, Plaintiff has not indicated a desire to present a Section 1983 claim.

---

[1] Indeed, Plaintiff has conceded that Defendant did not employ him.  (Doc. # 14 at 1).

[2] It could be argued that the amended complaint implicates the court's federal question jurisdiction because it is not implausible for a plaintiff to argue that a bank is a place of public accommodation, absent binding precedent to the contrary.  However, Plaintiff has not presented that argument in this case.  Nevertheless, the court determines that such an argument is implausible given the detailed list of places of accommodation in 42 U.S.C. § 2000a(b). Clearly, a bank does not provide "lodging to transient guests" or sell "food for consumption on the premises."  *See* 42 U.S.C. § 2000a(b)(1)-(2).  And, although places of public accommodation under Title II include places of exhibition or entertainment, 42 U.S.C. § 2000a(b)(3), a bank is not analogous to the enumerated places of exhibition or entertainment in the statute and it does not exist for the purpose of entertaining people. *See Denny*, 456 F.3d at 431 (defining the term "place of entertainment" and contrasting a salon with the enumerated places of entertainment in the statute).  Regardless, even if Plaintiff's amended complaint contains a *conceivable* Title II claim that establishes this court's subject matter jurisdiction (and, to be clear, it does not), it does not contain a plausible Title II discrimination claim under *Twombly* and *Iqbal* and, thus, is still due to be dismissed for failure to state a claim.

(*See generally* Doc. # 18). To state a claim under Section 1983, a plaintiff "must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff has alleged that Defendant cashed a check issued by a private party (Mezrano Law Firm) in a discriminatory manner. This allegation, standing alone, does not allow the court to plausibly infer that the bank acted under color of state law, as courts have consistently held that banks and bank employees do not act under color of state law even when using or threatening to use state-law procedures against a plaintiff. *Cf. Lally v. Crawford Cnty. Trust & Sav. Bank, Denison, Iowa*, 863 F.2d 612, 612-13 (8th Cir. 1988) (affirming the dismissal of a Section 1983 claim for lack of state action where a plaintiff alleged that a bank employee had threatened to have him arrested while collecting a debt); *Fagan v. Banterra Bank*, 2011 WL 1740017, at *1 (W.D. Ky. May 5, 2011) (unpublished) (holding that a plaintiff had failed to state a claim under Section 1983 against a bank, its representative, and its counsel where the bank had foreclosed on Plaintiff's house).

Finally, Plaintiff's assertion that the court has subject matter jurisdiction over this action because of Defendant's status as a federally-insured entity is without merit. While federal courts have subject matter jurisdiction over certain types of claims brought by or against national bank associations, *see* 28 U.S.C. § 1348, Plaintiff has not alleged that Defendant is a national bank association, as opposed to a state-chartered bank. Additionally, although federal courts have federal question jurisdiction over almost all civil suits in which the FDIC is a party, *see* 12 U.S.C. § 1819(b)(2)(A), the FDIC is not a party to this suit. Finally, by its plain text, the grant of subject matter jurisdiction to federal courts in Section 1819(b)(2)(A) does not extend to all civil suits brought against FDIC-insured entities. Thus, Plaintiff has not presented a viable ground for

the court's subject matter jurisdiction over this action, and it is therefore due to be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## B. Alternatively, Plaintiff's Amended Complaint Fails to State a Claim for Relief

As an alternative ground for dismissal, Defendant argues that Plaintiff's amended complaint "fails to provide any information showing a federal statute has been violated, or how he may be entitled to the $300,000.00 in relief that he seeks." (Doc. # 27 at 5). The court agrees.

As explained in more detail above, Plaintiff has failed to assert a plausible claim for relief under Title II or Title VII of the Civil Rights Act because Defendant was neither Plaintiff's employer nor a place of public accommodation under Title II. In addition, the amended complaint fails to present a plausible Section 1983 claim because its allegations do not indicate that Defendant acted under the color of state law. Even if Plaintiff could show that the bank branches he visited were places of public accommodation under Title II (and, to be clear, he cannot), his amended complaint is still due to be dismissed because he has made no allegations from which the court can plausibly infer that a person outside of Plaintiff's protected class was treated better than he was in a comparable situation. *See Afkhami v. Carnival Corp.*, 305 F. Supp. 2d 1308, 1322 (S.D. Fla. 2004) (explaining that the fourth element of a *prima facie* Title II case is that "similarly situated persons who are not members of the protected class received full benefits or enjoyment, or were treated better").

Moreover, Plaintiff has failed to assert a plausible claim for relief under 42 U.S.C. § 1981 for two reasons.[3] First, none of Plaintiff's unadorned allegations of discrimination demonstrate

---

[3] Plaintiff has not relied on Section 1981 as a basis for the court's subject matter jurisdiction or as an avenue to raise his discrimination claim, which has been brought under the Civil Rights Act of 1964. (*See generally* Doc. # 18). Nevertheless, given the court's duty to liberally construe this *pro se* amended complaint, the court briefly addresses whether the complaint presents a plausible Section 1981 claim.

that Defendant (or any of Defendant's employees) intended to discriminate against Plaintiff on the basis of his race. *See Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007) (identifying the elements of a Section 1981 claim as (1) a plaintiff's membership in a racial minority, (2) a defendant's intent to discriminate on the basis of race, and (3) discrimination that concerned one or more of the activities enumerated in 42 U.S.C. § 1981). Second, Plaintiff's amended complaint simply fails to show that Defendant denied him the ability to make, perform, modify, or terminate a contract, or to enjoy the benefits and terms of a contractual relationship. 42 U.S.C. § 1981(b). In *Lopez v. Target Corp.*, the Eleventh Circuit held that a plaintiff had failed to state a Section 1981 claim in the retail context because he "was able to complete his transaction at the same [ ] store, buying his desired goods at the same price and using the same payment method as any other customer." 676 F.3d 1230, 1234 (11th Cir. 2012). Likewise, Plaintiff has never denied that Defendant cashed his check, and Plaintiff presents no allegations from which the court can plausibly infer that Defendant applied different terms to Plaintiff than it applied to customers of another race. Thus, even under a liberal construction of the amended complaint, Plaintiff has failed to state a claim for relief under any federal anti-discrimination statute.

## V.    Conclusion

For the reasons stated above, Defendant's motion to dismiss (Doc. # 27) is due to be granted. An order consistent with this opinion will be entered.

**DONE** and **ORDERED** this December 19, 2016.

                                                                    _____
                                                                    R. DAVID PROCTOR
                                                                    UNITED STATES DISTRICT JUDGE